# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE D. MOSS, JR., | : |
|     Petitioner | :    CIVIL ACTION NO. 3:21-1263 |
| v. | :    (JUDGE MANNION) |
| WARDEN, SCHUYLKILL COUNTY PRISON | : |
| | : |
|     Respondent | |

## **MEMORANDUM**

Petitioner, a pretrial detainee, housed in the Schuylkill County Prison, Pottsville, Pennsylvania, filed the above caption civil rights action pursuant to 28 U.S.C. §2254. (Doc. 1). Subsequent to the filing of the petition, Moss, filed an application for leave to proceed *in forma pauperis.* (Doc. 5). The sole named Defendant is the Warden of Schuylkill County Prison. (Doc. 1). Petitioner challenges ongoing state criminal proceedings in the Court of Common Pleas for Schuylkill County. Id. The petition has been given preliminary consideration and, for the reasons set forth below, will be

dismissed without prejudice. See Rules Governing Section 2254 Cases, Rule 4.[1]

**I. BACKGROUND**

Petitioner is currently housed in the Schuylkill County Prison on the following charges: (3) Counts of Recklessly Endangering Another Person; (1) Count Crim Misch/Dmg Prop Intent, Reckless, Or Neglig; (1) Count Dangerous Burning; and (1) Count Risking Catastrophe. See Commonwealth v. Moss, CP-54-CR-0000654-2021, Criminal Docket Sheet. On June 21, 2021, Moss waived arraignment and an Information was filed. Id. No pre-trial conference has been scheduled.

On July 19, 2021, Petitioner filed the instant action in which he states that "Federal Rules of Criminal Procedure, Rule 5.1, Preliminary Hearing (c) scheduling was not met" and "[t]herefore, Amendment VI is in fact violated by way of undue delay, and, is in fact prejudicial to the defendant." (Doc. 1, petition). He also claims that the "Public Defenders Office is engaged in due process violations and are denying clients Rules of Civil Procedure and is in

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

fact putting the defense back into the prosecution on false imprisonment." Id. Finally, Petitioner alleges that the "prison is showing signs of satanism and satanic occult behavior" and "homicidal intentions are evident due to deliberate and criminal indifferences." Id. Petitioner concludes that he is "falsely imprisoned and is unlawfully seized and confined." Id. For relief, he seeks "his release." Id.

## II. DISCUSSION

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37(1971)). Younger abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions

in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227,1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. Id. The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101,106 (3d Cir.1989). Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or ...other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 46, 53–54. The exceptions are to be narrowly construed. Hall v. Pennsylvania, 2012 WL 5987142,*2 (M.D. Pa. 2012)(citing Loftus v. Township of Lawrence Park, 764 F.Supp. 354, 357 (W.D. Pa. 1991)). In the present matter, it is clear that all three Younger criteria are met.

First, there is an ongoing state criminal prosecution of Petitioner regarding which his request for relief would interfere. Second, the state proceedings implicate the important state interest of enforcing its criminal laws. To the extent that Petitioner is seeking release due to delays in his

criminal trial and ineffective assistance of counsel, these proceedings clearly implicate important state interests. Third, Petitioner has an opportunity to raise his claims in his state criminal proceedings. Further, Petitioner has failed to show that he falls within any of the narrow exceptions to the Younger doctrine. This Court may assume that the state procedures will afford an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir.1995)(citing Pennzoil Co. v. Texaco, Inc., 481 U.S.1,17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Indeed,"[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans, 959 F.2d at 1234. It is clear that Petitioner's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger. Accordingly, it is appropriate to abstain from entertaining the petition out of deference to the state judicial process. See, e.g., Everette v. Warden of Dauphin County, 2010 WL 1485722 (M.D. Pa. 2010)(holding that the Younger elements were met regarding the petitioner's contention that his speedy trial rights were being violated by the state criminal court).

Finally, with respect to Petitioner's allegations that the "prison is showing signs of satanism and satanic occult behavior," such claims are a challenge to Petitioner's conditions of his confinement and are not a challenge to the fact or duration of his confinement. It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Thus, this claim is subject to dismissal as it fails to assert an issue cognizable on federal habeas review.

### III.  CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the

district court's assessment of the denial of a constitutional claim debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner is not entitled to federal habeas relief. Reasonable jurists would not find this conclusion debatable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### IV.   CONCLUSION

For the foregoing reasons, the petitioner for writ of habeas corpus, filed pursuant to 28 U.S.C. §2254 will be dismissed without prejudice.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 23, 2021**
21-1263-01